IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| CLARENCE D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-31-RAH-KFP |
| | ) | |
| MAURICE FOLEY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| CLARENCE D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-73-RAH-KFP |
| | ) | |
| FRANCIS PAUL, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| CLARENCE D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-269-RAH-KFP |
| | ) | |
| JOE BIDEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |
| CLARENCE D. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:21-CV-270-RAH-KFP |
| | ) | |
| BARACK OBAMA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff in the above consolidated cases was granted leave to proceed in forma pauperis, which obligates the court to undertake review of the Complaint pursuant to 28 U.S.C. § 1915(e).  *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action). Upon review of the four Complaints filed by Plaintiff, the undersigned RECOMMENDS that this case and all consolidated cases be dismissed.

Under 28 U.S.C. § 1915, a court is authorized to dismiss an in forma pauperis complaint if it is frivolous. 28 U.S.C. § 1915(e)(2). An action is frivolous if it is "without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Pro se pleadings are held to a less stringent standard than those drafted by an attorney and should be liberally construed by courts. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998); *Haines v. Kerner*, 404 U.S. 519 (1972) (per curiam). However, courts are not permitted to construct a pro se litigant's legal arguments or rewrite a deficient pleading in order to save it. *Barnett v. Lightner*, No. 13-CV-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (citations omitted). Although liberally construed, pro se pleadings must comply with the Federal Rules of Civil Procedure. *Hopkins v. Saint Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (citations omitted).

In the actions filed by Plaintiff, he attempts to sue Joseph Biden, Donald Trump, the IRS Tax Commissioner, the Pope, Barrack Obama, the United Nations, Queen Elizabeth, the U.S. Attorney, Duke University Hospital, and Illinois Child Family Services,  in addition to various other defendants. The Complaints do not contain a single coherent sentence but, instead, consist of handwritten phrases such as "harboring fugitives, "crimes

of treason daily," "crimes in religion," "human trafficking," Biblical crimes," "judicial discrimination," and "due process crimes." Among his demands for relief, he seeks family relocation, one billion dollars, and a "competent US. Marshal's Division of Fugitives Law."

Plaintiff has failed to allege a legal cause of action under federal law. Even construing the Complaints as liberally as possible, the Court cannot discern any meaningful factual allegations or articulated causes of action. The Complaints consist of random, unintelligible, nonsensical phrases not warranting federal review. *See United States v. True*, No. 6:02-CV-951-ORL19JGG, 2003 WL 21254889, at *1 (M.D. Fla. Apr. 25, 2003) (affirming summary denial of defendant's motion to dismiss because it was written in incomprehensible gibberish) (citing *Cain v. C.I.R.*, 737 F.2d 1417, 1418 (5th Cir. 1984) (affirming dismissal of tax court petition on basis that petition was a "hodgepodge of unsupported assertions, irrelevant platitudes, and legalistic gibberish")); *Cox v. United States*, No. 20-62372-CV, 2021 WL 1178493, at *1–2 (S.D. Fla. Feb. 10, 2021), *report and recommendation adopted,* No. 20-62372-CIV, 2021 WL 1177486 (S.D. Fla. Mar. 29, 2021) (dismissing complaint with "incomprehensible and unsupported assertions"); *Blakely v. Fla.*, No. 20-60994-CV, 2020 WL 5578955, at *1–2 (S.D. Fla. Aug. 24, 2020), *report and recommendation adopted,* No. 20-60994-CIV, 2020 WL 5571806 (S.D. Fla. Sept. 17, 2020) (dismissing case "fraught with incomprehensible facts" that did not identify a federal cause of action). Further, although courts normally provide at least one opportunity for a pro se party to amend a pleading before dismissal, a court may dismiss a complaint without affording the party an opportunity to amend if it finds that any

amendment would be futile. *Henry v. Fernandez-Rundle*, 773 F. App'x 596, 597 (11th Cir. 2019) (affirming dismissal without leave to amend of frivolous, sovereign-citizen like complaint). Here, because documents filed by Plaintiff consist only of nonsensical gibberish, the Court finds that any amendment would waste judicial resources and be completely futile.

Accordingly, the undersigned RECOMMENDS that this matter, including all consolidated cases, be dismissed as frivolous under 28 U.S.C. § 1915(e). It is further

ORDERED that on or before **May 11, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 27th day of April, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE